IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
**ENTERED**
November 06, 2019
David J. Bradley, Clerk

MICHAEL IHEKORONYE, §
 §
 Plaintiff, §
 §
v. § CIVIL ACTION NO. H-19-3426
 §
UNITED PROPERTY & CASUALTY §
INSURANCE COMPANY, §
 §
 Defendant. §

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Ihekoronye ("Plaintiff") sued Defendant United Property & Casualty Insurance Company ("Defendant") in the 268th District Court of Fort Bend County, Texas.[1] Defendant timely removed based on diversity jurisdiction.[2] Pending before the court is Plaintiff's Motion for Remand (Docket Entry No. 6). For the reasons stated below, Plaintiff's Motion for Remand will be granted, and this action will be remanded to the 268th District Court of Fort Bend County, Texas.

### I. Analysis

Under 28 U.S.C. § 1441(a) any state court civil action over which a federal court would have original jurisdiction may be

---

[1]Notice of Removal, Docket Entry No. 1, p. 1; Plaintiff's Original Petition, Exhibit A to Plaintiff's Motion for Remand and Memorandum in Support ("Plaintiff's Motion for Remand"), Docket Entry No. 6-1, p. 1. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]Notice of Removal, Docket Entry No. 1, p. 2 ¶ 3.

removed from state to federal court. "The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." New Orleans & Gulf Coast Railway Co. v. Barrois, 533 F.3d 321, 327 (5th Cir. 2008). Ambiguities or doubts are to be construed against removal and in favor of remand. Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002).

Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A state-court plaintiff seeking to avoid federal jurisdiction may do so by filing a binding stipulation with the original complaint that limits recovery to an amount below the jurisdictional threshold. See, e.g., Mokhtari v. Geovera Specialty Insurance Co., Civil Action No. H-14-3676, 2015 WL 2089772, at *1 (S.D. Tex. May 4, 2015); Williams v. Companion Property & Casualty Insurance Co., Civil Action No. A. H-13-733, 2013 WL 2338227, at *2 (S.D. Tex. May 27, 2013) (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1411-12 (5th Cir. 1995)); Espinola-E v. Coahoma Chemical Co., 248 F.3d 1138, 2001 WL 85834, at *2 (5th Cir. Jan. 19, 2001) (per curiam) (unpublished) ("[A] binding stipulation that a plaintiff will not accept damages in excess of the jurisdictional amount defeats diversity jurisdiction. . . .").

Defendant argues that removal was proper under 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount

in controversy exceeds $75,000.³ Plaintiff seeks remand based on a stipulation attached as Exhibit E to the state-court petition (the "Exhibit E Stipulation"), which states that "[t]he total sum or value in controversy in this cause of action does not exceed $75,000.00 exclusive of interest and costs" and that "[n]either Plaintiff nor his/her attorney will accept an amount that exceeds $75,000.00 exclusive of interest and costs."⁴

Defendant argues the Exhibit E Stipulation is invalid because it contradicts the remedies prayed for in Plaintiff's Original Complaint.⁵ Defendant points to the Original Complaint's lack of specificity as to the damages sought and the fact that Plaintiff sent a pre-suit demand letter valuing the cost of repairs as $61,383.40 and asking for $10,000 in attorney's fees.⁶ Defendant also argues that remand is improper because Plaintiff refused to sign "a valid, binding stipulation" presented by the Defendant that would expressly include attorney's fees in the $75,000 limit.⁷

---

³Notice of Removal, Docket Entry No. 1, p. 2 ¶ 3.

⁴Exhibit E Stipulation, Exhibit A to Plaintiff's Motion for Remand, Docket Entry No. 6-1, p. 31 ¶¶ 1, 3.

⁵Defendant's Response in Opposition to Plaintiff's Motion to Remand("Defendant's Response"), Docket Entry No. 7, pp. 2 ¶¶ 2-3, 4 ¶ 7.

⁶Defendant's Response, Docket Entry No. 7, pp. 3-4 ¶¶ 5-7; Plaintiff's Original Complaint, Exhibit A to Plaintiff's Motion for Remand, Docket Entry No. 6-1, p. 10 ¶ 19; Demand Letter, Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, p. 2.

⁷Defendant's Response, Docket Entry No. 7, p. 2 ¶ 3.

Plaintiff filed the Exhibit E Stipulation with his Original Petition to avoid federal jurisdiction by limiting recovery to an amount below the jurisdictional threshold. District courts in this Circuit, including this court, have consistently held that stipulations like the Exhibit E Stipulation are capable of defeating federal jurisdiction. Plaintiff is bound by the Exhibit E Stipulation not to accept an award of damages in excess of $75,000. Defendant points to no binding authority that a stipulation is invalid because the Original Petition does not specify the amount of damages prayed for or a pre-suit demand letter estimated damages and attorney's fees near $75,000. Any vagueness in the Original Petition or amount estimated in a pre-suit demand letter is irrelevant because the Exhibit E Stipulation prevents Plaintiff from recovering in excess of the federal jurisdictional limit.

Nor does Defendant point to any authority holding that documents like the Exhibit E Stipulation are not binding under Fifth Circuit precedent unless they expressly include attorney's fees in the amount capped at $75,000. Attorney's fees are part of the total amount in controversy. <u>St. Paul Reinsurance Co., Ltd. v. Greenberg,</u> 134 F.3d 1250, 1253 (5th Cir. 1998). The Exhibit E Stipulation states "the total sum or value in controversy in this cause of action does not exceed $75,000."[8] Attorney's fees are

---

[8] Exhibit E Stipulation, Exhibit A to Plaintiff's Motion for Remand, Docket Entry No. 6-1, p. 31 ¶ 1.

necessarily included in that amount and accordingly would not raise the amount in controversy above $75,000.

## II. Conclusions and Order

Plaintiff's binding stipulation, filed with Plaintiff's Original Petition prior to removal, is effective to avoid federal jurisdiction. Accordingly, Plaintiff's Motion for Remand (Docket Entry No. 6) is **GRANTED**, and this action is **REMANDED** to the 268th District Court of Fort Bend County, Texas. The Clerk will promptly deliver a copy of this Memorandum Opinion and Order to the District Clerk of Fort Bend County, Texas.

**SIGNED** at Houston, Texas, on this 6th day of November, 2019.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE